**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ABIGAIL GAIL PADILLA,

    Plaintiff - Appellant,

v.

STEVEN T. MNUCHIN, Secretary,
Department of Treasury,

    Defendant - Appellee.

_____

ABIGAIL GAIL PADILLA,

    Plaintiff - Appellant,

v.

STEVEN T. MNUCHIN, Secretary,
Department of Treasury,

    Defendant - Appellee.

No. 19-1375
(D.C. No. 1:19-CV-02029-LTB-GPG)
(D. Colo.)

No. 19-1427
(D.C. No. 1:19-CV-02287-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Abigail Padilla, proceeding pro se, appeals from two separate judgments dismissing without prejudice complaints she filed alleging employment discrimination.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

## I.    BACKGROUND

In July 2019, Ms. Padilla filed a pro se complaint in case number 1:19-CV-02029-LTB-GPG against Steven Mnuchin, Secretary of the U.S. Department of the Treasury, asserting claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Whistleblower Protection Act in connection with her former employment with the Internal Revenue Service.  After determining the complaint did not comply with Fed. R. Civ. P. 8, a magistrate judge directed Ms. Padilla to file an amended complaint.  Ms. Padilla filed an amended complaint, but also filed a virtually identical complaint in a new action, case number 1:19-CV-02287-LTB-GPG, with the same named defendant, factual allegations, and claims for relief.  The magistrate judge found the latter complaint deficient under Rule 8, whereupon Ms. Padilla filed an amended complaint in that action as well.

---

[1] We address the appeals in a single order and judgment because the pleadings and dismissals are virtually identical, as are the issues and legal standards on appeal.

[2] Because the district court dismissed the actions in their entirety and not solely the complaints, the orders are final and appealable.  *See Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006).

2

In September 2019, the magistrate judge issued separate orders, recommending dismissal of both actions under Fed. R. Civ. P. 41(b) on the basis that the amended complaints failed to comply with Rule 8. Ms. Padilla filed timely objections. The district court then entered separate orders, overruling her objections, adopting the magistrate judge's recommendations, and dismissing the actions without prejudice under Rule 41(b). Ms. Padilla filed timely notices of appeal from the two judgments.

## II. ANALYSIS

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). A district court may dismiss an action under Rule 41(b) for failure to comply with Rule 8. *See id.* Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Because "[e]mploying Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 . . . allows the plaintiff another go at trimming the verbiage," a court may "enter such an order without attention to any particular procedures." *Nasious*, 492 F.3d at 1162.

Ms. Padilla is proceeding pro se, and therefore, "we liberally construe [her] filings." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). However, "we will not act as [her] advocate." *Id.* Even under the most liberal construction, her briefs make only conclusory assertions of error and address the dismissals only "in a

3

perfunctory manner, unaccompanied by some effort at developed argumentation," *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (internal quotation marks omitted).

"Our rules of appeal require appellants to sufficiently raise all issues and arguments on which they desire appellate review in their opening brief." *Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (brackets and internal quotation marks omitted). "[P]ro se parties [must] follow the same rules of procedure," including filing a brief containing "more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (internal quotation marks omitted). "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* at 841 (brackets and internal quotation marks omitted).

Ms. Padilla's briefs fail to address the district court's reasoning under Rule 8 and fail to cite the record or any relevant authority. "[W]e will not question the reasoning of a district court unless an appellant actually argues against it." *Clark*, 895 F.3d at 1265 (brackets and internal quotation marks omitted). Because Ms. Padilla has not carried her burden of showing an abuse of discretion, we affirm the district court's dismissals under Rule 41(b).

4

## III.  CONCLUSION

The district court's judgments are affirmed.  We deny Ms. Padilla's motions for leave to proceed in forma pauperis due to the lack of "a reasoned, nonfrivolous argument."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Carolyn B. McHugh
Circuit Judge